Romito *v.* Maxwell, Warden.

[Cite as Romito v. Maxwell, Warden, 10 Ohio St. 2d 266.]

(No. 40656—Decided June 7, 1967.)

*Messrs. Macejko & Macejko,* for petitioner.

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* It is petitioner's contention that his burglary sentence in 1957 was vacated by the habitual criminal proceedings, that such sentence was not reimposed after the setting aside of the habitual criminal conviction, and that, therefore, there is no sentence upon which he can now be detained.

Section 2961.13, Revised Code, relating to habitual criminals, reads in part as follows:

"* * * If the accused pleads guilty to such indictment, or if the jury finds him guilty, or if the court finds him guilty after waiver of a jury, the court shall sentence him to the punishment prescribed in Section 2961.11 or 2961.12 of the Revised Code, as the case may be, and shall vacate the previous sentence, if sentence has been imposed, deducting from the new sentence all time actually served by the defendant on the sentence so vacated."

Under the provisions of this section, it is mandatory that the immediately prior sentence be vacated by the trial judge. If the trial judge should fail expressly to vacate such sentence, it is vacated by operation of law by the imposition of the sentence under the habitual criminal conviction. This clearly follows from the fact that a habitual criminal conviction is not a conviction for a crime in and of itself but constitutes merely an enhancement of the penalty for the last prior conviction. *Maloney* v. *Maxwell, Warden,* 174 Ohio St. 84, and *Blackburn* v. *State,* 50 Ohio St. 428.

Petitioner urges that, inasmuch as the burglary sentence was vacated and never reinstated by the court and the habitual criminal conviction was found to be void, there is now no present sentence for him to serve.

The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity (*Tari* v. *State,* 117 Ohio St. 481, 498; 31 Ohio Jurisprudence 2d 706, Judgments, Section 250) and the parties are in the same position as if there had been no judgment. *Hill* v. *Hill,* 299 Ky. 351, 185 S. W. 2d 245, and 30A American Jurisprudence 198, Judgments, Section 45.

The vacation of the prior burglary sentence in the instant

case was an integral part of the habitual criminal proceedings, and when such habitual criminal proceedings were declared void the vacation of the burglary sentence was also voided. The petitioner was in the same position that he was prior to the habitual criminal proceedings, under a valid sentence for burglary.

In the course of the opinion in *State* v. *Winters,* 2 Ohio St. 2d 325, at pages 334 and 335, it is said:

"The record indicates that appellant was lawfully confined in the Ohio Penitentiary when the Grand Jury returned the indictment for being an habitual criminal. After trial on that indictment, the petitioner successfully attacked the validity of *that trial and no more.* The trial and all proceedings subsequent thereto were rendered null and void. Thus, petitioner was still subject to lawful confinement, his status prior to the trial. See *Henry* v. *Alvis, Warden,* 162 Ohio St. 62; *In re Knight,* 144 Ohio St. 257."

This is precisely the situation in the present case. Petitioner is now being properly detained on his 1957 conviction for burglary.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.