JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Jason Singleton appeals from the order of the trial court that denied his motion to vacate his guilty plea. For the reasons set forth below, we affirm defendant's guilty plea, vacate the sentence and remand for resentencing.
 {¶ 2} On February 10, 2000, complaints were filed in the juvenile court which alleged that defendant was delinquent in connection with an offenses which, if committed by an adult, would constitute aggravated burglary, aggravated robbery, kidnapping, rape and felonious assault. Following an amenability hearing, the matter was transferred to the General Division of the Court of Common Pleas. Defendant was subsequently indicted for aggravated burglary, aggravated robbery, felonious assault, rape with a sexually violent predator specification and kidnapping with sexual motivation and sexually violent predator specifications.
 {¶ 3} Defendant subsequently entered into a plea agreement with the state whereby the charges of kidnapping, aggravated robbery and aggravated burglary were dismissed, and defendant entered guilty pleas to felonious assault and rape, which was amended to delete the sexually violent predator specification. The transcript of the plea hearing provides in relevant part as follows:
 {¶ 4} "THE COURT: When you are sent to prison, Mr. Singleton, please keep in mind the parole authority has the power to place conditions upon you when you are released. Those conditions will last five years. Do you understand that?
 {¶ 5} "THE DEFENDANT: No. *Page 4 
 {¶ 6} "THE COURT: When you are released from prison they can place conditions upon you. * ** * These conditions would last five years.
 {¶ 7} "Do you understand that?
 {¶ 8} "THE DEFENDANT: Yes, your Honor.
 {¶ 9} "THE COURT: If you violate any of their conditions you could find yourself back in prison, and you can serve up to nine months for each incident, and for repeated violations up to one half of the maximum term.
 {¶ 10} "Do you understand that?
 {¶ 11} "THE DEFENDANT: Yes, your Honor."
 {¶ 12} Later, when defendant was sentenced for the offenses, the trial court informed defendant that he would receive "Five years of postrelease control."
 {¶ 13} The journal entry of the sentence states, "defendant was informed of possibility of 5 years postrelease control."
 {¶ 14} On October 25, 2006, defendant filed a motion to vacate his guilty plea in which he asserted that the trial court failed to advise him of the mandatory period of postrelease control, and failed to advise him of the consequences of violating postrelease control, and thereby failed to comply with Crim.R. 11. In support of the motion, defendant averred, in relevant part, that he was not informed of mandatory postrelease control, was not informed of the consequences of violating postrelease control and would not have entered the guilty pleas if he had known that postrelease control was mandatory. The trial court denied the motion and defendant now *Page 5 
appeals, assigning three errors for our review:
 {¶ 15} The first and second assignments of error are interrelated and state:
 {¶ 16} "The trial court erred by not allowing the defendant to withdraw his guilty plea."
 {¶ 17} "The defendant's guilty pleas were invalid since the trial court failed to advise of the consequences of violating postrelease control."
 {¶ 18} Crim.R. 32.1 governs the withdrawal of a guilty or no contest plea and states:
 {¶ 19} "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice. The court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715.
 {¶ 20} In this matter, defendant asserts that the trial court accepted his guilty plea without notifying him of postrelease control, and thereby failed to meet the requirements of Crim.R. 11 and prevented the guilty plea from being knowingly, intelligently, and voluntarily entered.
 {¶ 21} Pursuant to Crim.R. 11(C)(2) a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with understanding * * * of the maximum *Page 6 
penalty involved * * *." The trial court must also provide the defendant information pertaining to postrelease control during the plea hearing.State v. Imburgia, Cuyahoga App. No. 87917, 2007-Ohio-390; Watkins v.Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, citingWoods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103. Inasmuch as it is a non-constitutional requirement, a reviewing court must determine whether there was substantial compliance. State v.Francis, 104 Ohio St.3d 490, 2004-Ohio 6894, 820 N.E.2d 355. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474, citing State v. Stewart (1977),51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163.
 {¶ 22} In State v. Sarkozy, 117 Ohio St.3d 86; 2008-Ohio-509, the Supreme Court discussed the issue of substantial compliance with regard to the duty to advise a defendant of postrelease control during plea proceedings and held as follows:
 {¶ 23} "1. If a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal.
 {¶ 24} "2. If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand *Page 7 
the cause."
 {¶ 25} The Sarkozy Court explained:
 {¶ 26} "[W]e find that there was no compliance with Crim.R. 11. The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11 (C)(2)(a). A complete failure to comply with the rule does not implicate an analysis of prejudice."
 {¶ 27} Accord State v. Cleland, Medina App. No. 06CA0073-M,2008-Ohio-1319 (because the trial court did not mention post-release control during the plea hearing, the guilty plea had to be vacated and the issue was not subject to analysis as to whether the defendant actually suffered prejudice).
 {¶ 28} In State v. Torres, Court of Appeals No. L-07-1036,2008-Ohio-815, the court considered whether a plea should be vacated where the trial court erroneously indicated that a discretionary period of postrelease control might be imposed. The Torres Court held conclude that the trial court substantially complied with Crim.R. 11(C)(2)(a) in accepting appellant's guilty plea because a reasonable person in appellant's circumstances would have had actual notice that five years of *Page 8 
postrelease control was a mandatory part of his sentence.
 {¶ 29} In this matter, the transcript from the plea proceedings provides in pertinent part as follows:
 {¶ 30} "THE COURT I'm not going to discuss community control with you because it won't apply in this case.
 {¶ 31} "When you are sent to prison, Mr. Singleton, please keep in mind the parole authority has the power to place conditions upon you when you are released. Those conditions will last five years.
 {¶ 32} "Do you understand that?
 {¶ 33} "THE DEFENDANT: No.
 {¶ 34} "THE COURT: When you are released from prison they can place conditions upon you. * * * Those conditions would last five years.
 {¶ 35} "Do you understand that?
 {¶ 36} "THE DEFENDANT: Yes, your Honor.
 {¶ 37} "THE COURT: If you violate any of their conditions you could find yourself back in prison, and you can serve up to nine months for each incident, and for repeated violations up to one-half of the maximum term.
 {¶ 38} "Do you understand that?
 {¶ 39} "THE DEFENDANT: Yes, your Honor."
 {¶ 40} We note that the trial court explicitly advised defendant that the parole *Page 9 
authority "has the power to place conditions upon you when you are released [which] will last five years." (Emphasis added). Although the trial court's statement that the parole authority "can place conditions on you" would seem to suggest that the postrelease control was discretionary rather than mandatory, the trial court added that the "conditions will last five years." The Websters New Collegiate Dictionary (1980) 1378 indicates that the word will is "used to express inevitability." Accordingly, under the totality of the circumstances the record indicates that defendant was informed and understood that he would be subject to a mandatory period of postrelease control of one-half of his prison term. The trial court substantially complied with Crim.R. 11 and the lower court did not err in denying the motion to vacate the guilty plea.
 {¶ 41} The first and second assignments of error are without merit.
 {¶ 42} For his third assignment of error, defendant asserts that his sentence is void because the journal entry of the sentence does not indicate that he was placed on postrelease control. In support of this argument, defendant relies upon, inter alia, State v. Bezak,114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 96.
 {¶ 43} In Bezak, supra, the Supreme Court held that when a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. In such instance, the offender is entitled to a new sentencing hearing for that particular offense., where a trial court fails to notify a defendant at the sentencing *Page 10 
hearing that he may be subject to postrelease control, the sentence imposed by the trial court is void, the judgment is a mere nullity and the parties are in the same position as if there had been no judgment. Id. In State v. Simpkins, 2008-Ohio-1197, ___ N.E.2d ___, the court reaffirmed the holding of Bezak and held that, because the journal entry on sentencing did not indicate that Simpkins was subject to postrelease control, it did not conform to statutory mandates requiring the imposition of postrelease control and was therefore a nullity and void.
 {¶ 44} Pursuant to R.C. 2929.14(F), if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment. See, also, R.C 2967.28. Pursuant to R.C.2929.19(B)(3), the sentencing court notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
 {¶ 45} The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. State v. Jordan, 104 Ohio St.3d 21, 2004 Ohio 6085,817 N.E.2d 864, paragraph one of the syllabus. The Supreme Court has further held that a sentencing entry is erroneous if it refers to discretionary postrelease control where the postrelease control period is actually mandated by law. See Watkins v. Collins, 111 Ohio St.3d 425,2006 Ohio 5082, 857 N. E.2d 78. *Page 11 
 {¶ 46} R.C. 2929.191(C) requires a trial court to conduct a resentencing hearing in order to notify felony offenders about post-release control before their prison terms expire. The statute does not specify whether a de novo or partial resentencing should be conducted. Thereafter, the Supreme Court of Ohio held that, "when a trial court fails to notify an offender that he may be subject to post-release control at a sentencing hearing * * *, the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence." State v. Bezak, supra.
 {¶ 47} Moreover, such resentencing does not violate finality or double jeopardy prohibitions as the "`effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" State v. Bezak, supra, quoting Romito v. Maxwell (1967), 10 Ohio St.2d 266, 267-268,39 O.O.2d 414, 227 N.E.2d 223.
 {¶ 48} In this matter, the journal entry of the sentence states, "defendant was informed of possibility of 5 years postrelease control." Applying the foregoing, we conclude that the trial court's sentencing entry is erroneous since is incorrectly references discretionary rather than mandatory postrelease control. Accordingly, the sentence is void and the matter must be remanded for resentencing.
 {¶ 49} The third assignment of error is well-taken. *Page 12 
 {¶ 50} The guilty plea is affirmed but the sentence is vacated and the matter is remanded for resentencing.
 {¶ 51} Insofar as defendant additionally contends that his trial counsel was ineffective ast sentencing, this claim is moot. App.R. 12.
 {¶ 52} Defendant's guilty plea is affirmed, the sentence is vacated and the matter is remanded for resentencing.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1