OPINION
{¶ 1} Defendant-Appellant Adonte Cherry appeals the judgment of the Clark County Common Pleas Court sentencing him for having weapons under disability, R.C. 2923.13(A)(2), a felony of the third degree; drug abuse, 2925.11(A), with a firearm specification, a felony of the fourth degree; and receiving stolen property, R.C. 2913.51, a misdemeanor of the first degree. On his original merit appeal, Cherry's conviction was affirmed, but we remanded for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. State v.Cherry, 171 Ohio App.3d 375, 2007-Ohio-2133, 870 N.E.2d 808(Cherry I). On remand, the trial court resentenced Cherry to a reduced prison term of six and one-half years. Cherry now claims that the trial court erred in resentencing him, that he had ineffective assistance of counsel at his resentencing, and that the trial court erred in failing to notify him of post release control at resentencing.
 {¶ 2} Because the trial court, at resentencing, failed to include mandatory portions of his sentence, we reverse and vacate the trial court's sentence and again remand for resentencing.
 {¶ 3} Cherry was originally convicted of the crimes herein after he was involved in a home-invasion burglary. During the burglary, one of the residents of the home escaped and was able to call the police from a neighbor's home. Cherry and his accomplice fled the house upon hearing the sirens of the police cars responding to the call. A chase ensued, which resulted in Cherry and the other occupant jumping from the moving car, which then crashed. Cherry and the other man were captured by the police and charged with aggravated burglary, breaking and entering, having weapons under disability, drug abuse, and receiving stolen property.
 {¶ 4} After the victims could not positively identify Cherry as one of the perpetrators, the trial court dismissed the breaking and entering charge against Cherry, and the jury found him not guilty of the aggravated burglary charge. The trial court sentenced Cherry to seven and one-half *Page 3 
years imprisonment.
 {¶ 5} On remand, at the resentencing hearing, the trial court sentenced Cherry to a lesser sentence of six and one-half years imprisonment; however, the trial court neglected to advise Cherry of the post release control provisions inherent in his sentence.
 {¶ 6} Cherry timely appealed to this court from his resentencing. His appellate counsel filed an Anders brief, Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. This court then ordered that Cherry could file a pro-se brief assigning any errors for review within sixty days. Pursuant to that order, Cherry now asserts four assignments of error for our consideration.
 "First Assignment of Error {¶ 7} "The trial court erred and abused its discretion when sentencing Appellant to a maximum term of imprisonment that are (sic) in direct violation of statutory requirement of the Ohio Revised Code Sentencing Penalties and the legislator's (sic) intent with just and fair sentencing laws, and therefore committed plain error.
 "Second Assignment of Error {¶ 8} "The trial court erred and abused its discretion at resentencing by over zealously applying State v. Foster, 109 Ohio St.3d 1, by disregarding legislator's (sic) intent in Appellant's case which violates due process and equal protection of Statutory Requirements Sentencing Laws and the Ex Post Facto Clauses of the State and federal constitutions when alleged offenses occurred prior to supreme (sic) Court decision in Foster which removed the legislation (sic) intent of equal fairness, and therefore committed plain error."
 {¶ 9} In his first assignment of error, Cherry claims that the trial court's sentence is not *Page 4 
consistent with other sentences imposed for similar crimes committed by similar offenders. Cherry argues that since no weapon was recovered from him when he was arrested, his conviction for having a weapon under disability could not constitute the "worst form of the offense" and therefore his maximum sentence was not justified. He further argues that the Foster remedy unconstitutionally eliminates the appellate court's ability to ensure that sentences for like crimes are consistent. In his second assignment of error, Cherry argues that his sentencing was improper because the Foster remedy violates the ex post facto provisions of the Ohio and U.S. Constitutions.
 {¶ 10} With regard to the constitutional issues raised about the Supreme Court's decision in Foster, this court has consistently held that a claim that a decision of the Supreme Court of Ohio is unconstitutional is not cognizable in this court. See State v.Burkhart, Champaign App. No. 06-CA-18, 2007-Ohio-3436.
 {¶ 11} In considering Cherry's consistency argument, again, we have uniformly held that a trial court has broad discretion in sentencing a defendant and a reviewing court may not interfere with the sentence unless the trial court abused its discretion. State v. Durham, Montgomery App. No. 21589, 2007-Ohio-6262; State v. Lytle (July 31, 1998), Clark App. No. 97 CA 100, citing State v. Yontz (1986),33 Ohio App.3d 342, 343, 515 N.E.2d 1012. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. A court will not typically be found to have abused its discretion in sentencing if the sentence it imposes is within the statutory limits.State v. Burge (1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866.
 {¶ 12} In exercising its discretion, however, we recognize that the trial court must *Page 5 
consider the factors set forth in R.C. 2929.11, 2929.12 and 2929.13. But, the trial court is not required to expressly state on the record that it considered these statutorily enumerated sentencing factors.State v. Mathews (Oct. 15, 1998), Cuyahoga App. No. 73303. Where the record is silent, a presumption exits that the trial court has considered the factors. State v. Adams (1988), 37 Ohio St.3d 295, 297,525 N.E.2d 1361. Further, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory factors. State v. Taylor (1992),76 Ohio App.3d 835, 839, 603 N.E.2d 401; State v. Crouse (1987),39 Ohio App.3d 18, 20, 528 N.E.2d 1283. Consequently, the appellant has an affirmative duty to show otherwise.
 {¶ 13} In the instant case, based upon the record before us, nothing being demonstrated to the contrary, we presume that the trial court considered the appropriate statutory factors. We find that it is entirely reasonable for the trial court to have found, based upon the facts that Cherry was involved in a high speed chase, fleeing from the scene of a home-invasion burglary, armed with a handgun, that his "weapons under disability" charge constituted the worst form of the offense. And, we find, there being no evidence to the contrary, that the six and one-half year sentence is consistent with sentences for similar offenses.
 {¶ 14} The first and second assignments of error are overruled.
 "Third Assignment of Error {¶ 15} "Appellant's defense attorney (sic) performance fail (sic) to a level of ineffective assistance of counsel at resentencing hearing and therein violated Appellant (sic) Sixth and Fourteenth Amendment right to be fairly represented by competent counsel through all phases of criminal proceedings." *Page 6 
 {¶ 16} In this assignment, Cherry claims that his counsel at the resentencing hearing performed deficiently because (1) he failed to argue for consistency, proportionality, or uniformity in sentencing; (2) he failed to argue that the maximum sentence was not warranted; and (3) he failed to object to a statement made by the prosecutor concerning the victims of the burglary in the case.
 {¶ 17} The transcript of the resentencing hearing is very short. Cherry spoke first to the court. In that statement he referenced the "victims" involved in the events on the night in question. He stated to the court that he was aware of "* * * the pain that my actions caused a lot of people as far as my family, the victim's family, the other things like that." He claimed that he was a changed man, and that he no longer wished to live the "savage type of life-style" that he was living in 2005, at the time of the offenses. He acknowledged that he deserved the maximum sentence in 2005, but claimed that today he deserved less punishment. Defense counsel then spoke on behalf of Cherry, asking the court to be mindful of the fact that the co-defendant's sentence was reduced on resentencing, and that Cherry's mother had cooperated with the authorities and testified in another case, believing that it would result in some consideration for her son at resentencing. He requested the court to sentence Cherry to a lesser penalty than before. Finally, the assistant prosecutor spoke, in response to Cherry's statement, telling the court that after listening to Cherry, he didn't know whether he was sincere or not, but that he "had victims in this case who were real victims," and that it was his job to seek adequate punishment for Cherry. The prosecutor requested the court to impose the same sentence as before.
 {¶ 18} In order to find prosecutorial misconduct, we must first determine whether the *Page 7 
prosecutor's remarks were improper; if so, we then consider whether the remarks prejudicially affected substantial rights of the accused.State v. Treesh, 90 Ohio St.3d 460, 464, 2001-Ohio-4, 739 N.E.2d 749, citing State v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. Additionally, we note that the State is entitled to a certain degree of latitude in its arguments at sentencing and is free to draw reasonable inferences from the evidence and arguments presented at trial.
 {¶ 19} The prosecutor's argument must be reviewed as a whole.State v. Burgun (1978), 56 Ohio St.2d 354, 366, 384 N.E.2d 255. And, reviewing the State's argument as a whole, we find that the State's comments did not constitute prosecutorial misconduct. And, because there is no prosecutorial misconduct, there can be no claim that Cherry's counsel was ineffective for failing to object to the argument.
 {¶ 20} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, the United States Supreme Court interpreted the meaning of the accused's right to counsel and the standard by which ineffective assistance of counsel should be determined. The two-part test requires that a convicted defendant alleging ineffective assistance of counsel must show not only that counsel was not functioning as the counsel guaranteed by the Sixth Amendment so as to provide reasonably effective assistance but also that counsel's errors were so serious as to deprive the defendant of a fair trial because of a reasonable probability that, but for counsel's unprofessional errors, the results would have been different. Id. at 687. Strickland goes on to say that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * * A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to *Page 8 
evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689 (citations omitted).
 {¶ 21} The arguments that Cherry suggests his counsel should have raised simply amount to instructing the court on the fundamental principles of sentencing, of which a trial court judge is presumed to already be aware. After reviewing the transcript of the resentencing hearing, we find that Cherry has failed to demonstrate either that his counsel's conduct was deficient or that the results would have been different had counsel raised the issues Cherry claims.
 {¶ 22} Cherry's third assignment of error is overruled.
 "Fourth Assignment of Error {¶ 23} "The trial court committed plain error when resentencing appellant and did not notify appellant that he was to serve a term of post release control and one year driver's license suspension in open court at resentencing hearing violated his right to fair notice and due process and equal protection of law."
 {¶ 24} In an unusual twist, Cherry assigns as error the trial court's failure to advise him of post release control sanctions and the mandatory driver's license suspension that the trial court neglected at the resentencing. The Sate argues that since this was a resentencing, that Cherry had already been advised of post release control and the error is harmless.
 {¶ 25} In State v. Bezac, 114 Ohio St.3d 94, 2007-Ohio-3250,868 N.E.2d 961, the Ohio *Page 9 
Supreme Court held, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at ¶ 16; see, also, State v. Simpkins,117 Ohio St. 3d 420, 2008-Ohio-1197, 884 N.E.2d 568.
 {¶ 26} The State's argument that the error is harmless, however, misapprehends the effect of the reversal of a void or voidable sentence. In Cherry I, the sentence was reversed and the cause was remanded for resentencing per Foster. Resentencings pursuant to Foster were mandated because the original sentences were determined to have been void. While the Supreme Court later clarified that the initial sentences were voidable rather than void (See State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, 873 N.E.2d 306), the practical effect is the same after the sentence has been reversed. Once a sentence is determined to be void, it must be vacated. The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence. Bezak at ¶ 13, citing Romito v. Maxwell (1967),10 Ohio St.2d 266, 267, 227 N.E.2d 223.
 {¶ 27} Because Cherry's first sentence was vacated, and because his current sentence fails to include statutory requirements for a sentence, the current sentence is void. The sentence must be vacated and the matter must be remanded to the trial court for resentencing. On remand, the trial court must resentence the offender as if there had been no original sentence.
 {¶ 28} Cherry's fourth assignment of error is sustained.
 {¶ 29} The sentence herein is reversed and vacated, and the cause is remanded for resentencing. *Page 10 
FAIN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1