OPINION *Page 2 
{¶ 1} Defendant-appellant Travis Rock Hudson appeals his June 16, 2008 sentence in the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On August 31, 2000, Appellant entered a plea of guilty to two counts of robbery and seven counts of breaking and entering. On September 12, 2001, the trial court sentenced Appellant to three years in prison on the first count of robbery, to run consecutive to the imposition of community control and a three year suspended prison term on the second count robbery, which sentence should run consecutive to the seven concurrent sentences imposed relative to the breaking and entering counts.
 {¶ 3} On April 16, 2002, the trial court granted Appellant early judicial release on the first count of robbery, placing Appellant on community control with respect to the remaining counts. Subsequently, the trial court revoked Appellant's community control, and ordered Appellant return to prison to serve the remainder of the sentence imposed on count one and the seven breaking and entering counts. Upon his release from prison, the trial court placed Appellant on community control pursuant to his sentence on the second count of robbery.
 {¶ 4} On September 30, 2005, Appellant's community control was again revoked, and the trial court ordered Appellant serve the previously suspended three year sentence on count two. At the hearing, the trial court did not notify Appellant he would be subject to a term of post-release control following the completion of his prison term, as required by R.C. 2967.28. *Page 3 
 {¶ 5} Appellant was scheduled for release from prison on September 10, 2008. Prior to his release, on April 8, 2008, the State moved the trial court to correct Appellant's sentence pursuant to R.C. 2929.191. The trial court granted the motion. Via Judgment Entry of June 16, 2008, the trial court resentenced Appellant adding a three year term of post-release control to Appellant's sentence following his completion of the three year prison sentence.
 {¶ 6} Appellant now appeals assigning as error:
 {¶ 7} "I. THE TRIAL COURT'S RESENTENCING OF APPELLANT UNDER R.C. 2929.191 VIOLATED THE PRINCIPLES OF DOUBLE JEOPARDY, DUE PROCESS, AND RES JUDICATA WHERE APPELLANT HAD NEARLY COMPLETED HIS SENTENCE AND THE STATE DID NOT APPEAL THE ORIGINAL SENTENCE ORDER.
 {¶ 8} "II. THE TRIAL COURT ERRED IN APPLYING THE RESENTENCING PROCEDURE IN R.C. 2929.191 BECAUSE THE STATUTE CONSTITUTES A VIOLATION OF THE SEPARATION OF POWERS DOCTRINE.
 {¶ 9} "III. THE TRIAL COURT ERRED IN APPLYING THE RESENTENCING PROCEDURE IN R.C. 2929.191 BECAUSE THE STATUTE WAS ENACTED IN VIOLATION OF THE ONE-SUBJECT RULE."
 I, II, III {¶ 10} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 11} Appellant maintains the trial court's resentencing under R.C. 2929.191 violated the principles of double jeopardy, due process and res judicata where Appellant *Page 4 
had nearly completed his prison sentence and the State did not appeal the original sentencing order.
 {¶ 12} The Ohio Supreme Court held in State v. Jordan "[w]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing * * * it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing."
 {¶ 13} In State v. Bezac, 114 Ohio St.3d 94, 868 N.E.2d 961,2007-Ohio-3250, the Ohio Supreme Court held, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void."
 {¶ 14} The Court in Bezac stated,
 {¶ 15} "However, in such a resentencing hearing, the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence. See Romito v.Maxwell, 10 Ohio St.2d at 267, 39 O.O.2d 414, 227 N.E.2d 223. Therefore, the decision to vacate Bezak's void sentence would require the trial court to resentence Bezak as if there had been no sentence."
 {¶ 16} In State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, the Ohio Supreme Court held:
 {¶ 17} "Because a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, it must be vacated. *Page 5 
The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 13, citingRomito v. Maxwell (1967), 10 Ohio St.2d 266, 267, 39 O.O.2d 414,227 N.E.2d 223.
 {¶ 18} "A trial court's jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so. Cruzado, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19; Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, 817 N.E.2d 864, at ¶ 23. Indeed, it has an obligation to do so when its error is apparent.
 {¶ 19} "* * *
 {¶ 20} "`Although res judicata is an important doctrine, it is not so vital that it can override society's interest in enforcing the law, and in meting out the punishment the legislature has deemed just.'Beasley, 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774.
 {¶ 21} "Every judge has a duty to impose lawful sentences. `Confidence in and respect for the criminal-justice system flow from a belief that courts and officers of the courts perform their duties pursuant to established law.' Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795,856 N.E.2d 263, at ¶ 24. The interests that underlie res judicata, although critically important, do not override our duty to sentence defendants as required by the law.
 {¶ 22} "* * *
 {¶ 23} "Neither constitutional principles nor the doctrine of res judicata requires that sentencing become a game in which a wrong move by the judge or prosecutor *Page 6 
means immunity for a defendant. See Bozza v. United States (1947),330 U.S. 160, 166-167, 67 S.Ct. 645, 91 L.Ed. 818.
 {¶ 24} "* * *
 {¶ 25} "In reaching the conclusion that there is no constitutional violation here, we recognize that Simpkins had completed the vast majority of his sentence at the time of his resentencing. We are also aware that some courts have expressed "concern that the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit" imposed by due process and fundamental fairness. Breest, 579 F.2d at 101. See also United States v.Arrellano-Rios (C.A.9, 1986), 799 F.2d 520, 525, fn. 3, and cases cited therein. Accord Hernandez, 108 Ohio St.3d 395, 2006-Ohio-126,844 N.E.2d 301. Although Simpkins was near the end of a significant sentence, we discern no unfairness in his resentencing and no violation of due process.
 {¶ 26} "Where, as here, the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of finality in it. United States v. Crawford (C.A.5, 1985), 769 F.2d 253, 257-258;Jones v. Thomas (1989), 491 U.S. 376, 395, 109 S.Ct. 2522,105 L.Ed.2d 322 (Scalia, J., dissenting)."
 {¶ 27} Upon review of the record, we find Appellant's sentence was void; however, the trial court retained jurisdiction to resentence Appellant pursuant to the procedure set forth in R.C. 2929.191 and in accord with precedent set by the Ohio Supreme Court. The resentencing was not barred by res judicata, due process or double jeopardy. Rather, Appellant's sentence was within the statutory ranges authorized for the offenses. *Page 7 
 {¶ 28} Appellant further argues R.C. Section 2929.191 violates the separation of powers doctrine. We disagree.
 {¶ 29} Appellant's sentence was not increased by the imposition of post-release control following his incarceration. Indeed, this condition is a mandatory requirement of appellant's sentence that existed at the time of appellant's original sentence. Woods v. Telb (2000),89 Ohio St.3d 504, 512, 733 N.E.2d 1103. The failure to notify appellant at the original sentencing hearing does "not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division." R.C. 2967.28(B).
 {¶ 30} The Supreme Court of Ohio in Woods, supra, stated, "the administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers." Id. at 511, 733 N.E.2d 1103. However, the court found no judicial function was usurped by the legislature's enactment of R.C. 2967.28 since post-release control is "part of the original judicially imposed sentence." Id. at 512, 733 N.E.2d 1103. Further, "post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime * * *." Id. More fundamentally, neither R.C. 2929.191
nor R.C. 2967.28 impedes the judiciary by invading the province of the sentencing court. Id.
 {¶ 31} This Court addressed the issue raised herein in State v.Merideth (January 18, 2007), Perry App. No. 06CA15:
 {¶ 32} "Appellant herein proposes, without supporting authority, that once his sentence was executed in 2000, he came under the authority of the executive branch, *Page 8 
and that there is no provision for the trial court to reassert jurisdiction over his sentence. Generally speaking, cases involving mandatory post-release control do not implicate the separation of powers doctrine, because the executive branch has no discretion over whether an offender is subject to such statutorily-mandated sanctions. SeeState v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581, ¶ 19. `Consequently, a court's failure to inform the offender of post-release control sanctions in these cases requires a different disposition: such cases must be remanded for resentencing for the limited purpose of notifying the offender of the mandatory post-release control and including this sanction in its sentencing order.' Id., emphasis added.
 {¶ 33} "Clearly, the determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary. State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 136, 729 N.E.2d 359, citing State ex rel. Atty. Gen. v.Peters (1885), 43 Ohio St. 629, 648, 4 N.E. 81. Because the task of resentencing an offender on account of a void sentence falls on the judicial branch via the trial court (Cruzado, supra), we hold appellant's recall for resentencing in this matter did not violate the doctrine of separation of powers."
 {¶ 34} Accordingly, we do not find the trial court's resentencing of Appellant pursuant to the procedures set forth in R.C. 2929.191 violated the separation of powers doctrine.
 {¶ 35} Finally, Appellant maintains the trial court erred in applying the procedure set forth in R.C. 2929.191 because the statute violated the one-subject rule.
 {¶ 36} The Ohio Constitution Article II, Section 15 states: *Page 9 
 {¶ 37} "(D) No bill shall contain more than one subject, which shall be clearly expressed in its title. No law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections amended shall be repealed."
 {¶ 38} The purpose of the one-subject rule is to prevent the tactic of "logrolling," which occurs when legislators combine several distinct proposals into a single bill in order to gain passage, even though no single proposal may have obtained majority approval separately.State ex rel. Ohio Civ. Serv. Employees Assn., AFSCME, Local 11, AFL-CIOv. State Emp. Relations Bd., 104 Ohio St.3d 122, 2004-Ohio-6363,818 N.E.2d 688, at ¶ 26.
 {¶ 39} However, to avoid interference with the legislative process, a court's role in enforcing the one-subject rule is limited. Id. at ¶ 27. Thus, "`[t]he mere fact that a bill embraces more than one topic is not fatal, as long as a common purpose or relationship exists between the topics.'" State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999),86 Ohio St.3d 451, 496, 715 N.E.2d 1062, quoting Hoover v. Franklin Cty.Bd. of Commrs. (1985), 19 Ohio St.3d 1, 6, 19 OBR 1, 482 N.E.2d 575. Accordingly, only "a manifestly gross and fraudulent violation of the one-subject provision * * * will cause an enactment to be invalidated."In re Nowak, 104 Ohio St.3d 466, 2004-Ohio-6777, 820 N.E.2d 335, at ¶ 54. To determine whether a manifestly gross and fraudulent violation has occurred, courts need not look beyond the unnatural combinations themselves. Instead, "`an analysis of any particular enactment is dependent upon the particular language and subject matter of the proposal,' rather than upon extrinsic evidence of logrolling, and thus `an act which contains such unrelated provisions must necessarily *Page 10 
be held to be invalid in order to effectuate the purpose of the rule.'" Id. at ¶ 71, quoting State ex rel. Dix v. Celeste (1984),11 Ohio St.3d 141, 143, 145, 11 OBR 436, 464 N.E.2d 153.
 {¶ 40} Although Am. Sub. H.B. 137 contains provisions regarding both juvenile-delinquency matters and adult criminal matters, we conclude the bill does not represent "logrolling" and the topics included within the bill share a common purpose. Thus, we find R.C. 2929.191 does not violate the one-subject rule.
 {¶ 41} For the foregoing reasons, Appellant's sentence in the Fairfield County Court of Common Pleas is affirmed.
Hoffman, J. Farmer, P.J. and Edwards, J. concur *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's sentence in the Fairfield County Court of Common Pleas is affirmed. Costs to Appellant. *Page 1