Lanzinger, J.,
dissenting.
{¶ 17} I respectfully dissent because the majority opinion relieves the state of its obligation to prove detention as an element of escape under R.C. 2921.34(A)(1).
{¶ 18} Jordan argues that to prove that he was under detention for purposes of escape, the state must show that the court properly advised him of postrelease control when he was sentenced. This argument is persuasive, considering a line of decisions of this court. We have ruled that unless the defendant is advised of postrelease control both at the sentencing hearing and in the judgment entry, the Adult Parole Authority is without authority to impose it. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 20, quoting State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 19. Although in this case there is a sentencing entry that includes three years of postrelease control, the state has not provided evidence that the defendant was orally notified of postrelease control at the sentencing hearing.
{¶ 19} The majority holds that “the state may prove that an accused was under detention for purposes of a prosecution for escape under R.C. 2921.34(A)(1) without offering affirmative evidence that the sentencing court orally advised the offender of the possibility of the imposition of postrelease control.” (Emphasis added.) Majority opinion at ¶ 2. In other words, the state need not show that there was a valid sentence that placed the defendant under detention.
{¶ 20} In failing to require the state to show proper oral notification to the defendant, the majority retreats from the idea that unless a defendant is notified of postrelease control at sentencing, the sentence is void. See State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. “The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.” (Citations omitted.) Romito v. Maxwell (1967), 10 Ohio *403 St.2d 266, 267-268, 39 O.O.2d 414, 227 N.E.2d 223. In my view, this means that either a sentence is void and has no effect, or it is not void and does have effect.
Brent W. Yager, Marion County Prosecuting Attorney, and Denise M. Martin, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.
{¶ 21} The majority opinion distinguishes Bezak and Jordan because in those cases, the defendants directly appealed the validity of postrelease control as part of their sentence. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 3-4; Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 2-3. It states that Bezak and Jordan would control if this case had arisen “as a direct challenge to Jordan’s postrelease control via an appeal of his sentence.” Majority opinion at ¶ 12. However, cases such as State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, show that a void sentence need not be challenged on direct appeal.
{¶ 22} From now on, apparently, the following will be sufficient proof of “detention”: postrelease control in the sentencing entry, the defendant’s knowledge of postrelease control before release from prison, the defendant’s signature on a form detailing monitored-time conditions, or the defendant’s contact with his or her parole officer. However, permitting these forms of proof contradicts precedent by allowing a defendant serving a void sentence, one that has “no effect,” to be convicted of a new crime of escape, even though the underlying sentence that allegedly imposed the detention is void. The majority concludes, “Our holding today does not reach the question whether a defendant can be convicted of escape when the evidence affirmatively demonstrates that the Department of Rehabilitation and Correction lacked the authority to supervise the accused.” (Emphasis added.) Majority opinion at ¶ 14. Nevertheless, the state need not provide affirmative evidence of a valid detention as an element of escape by showing that there is a valid sentence allowing postrelease control of the accused. Thus, the state receives the benefit of the doubt on an element of the offense, even though a missing notification renders void a sentence for which postrelease control was imposed in the sentencing entry.
{¶ 23} I would require the state to prove that a defendant was notified of postrelease control at sentencing to show that the defendant was under valid detention for purposes of escape. I respectfully dissent and would reverse the defendant’s conviction.
Pfeifer, J., concurs in the foregoing opinion.