[Cite as *State v. Provens*, 2011-Ohio-5197.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : | JUDGES:                  |
| STATE OF OHIO            | : | William B. Hoffman, P.J. |
|                          | : | Julie A. Edwards, J.     |
| Plaintiff-Appellee       | : | Patricia A. Delaney, J.  |
|                          | : |                          |
| -vs-                     | : | Case No. 2011CA00089     |
|                          | : |                          |
|                          | : |                          |
| ARMONE PROVENS           | : | O P I N I O N            |
|                          |   |                          |
| Defendant-Appellant      |   |                          |



CHARACTER OF PROCEEDING:            Criminal Appeal from Stark County Court of Common Pleas Case No. 2006CR0193

JUDGMENT:            Reversed and Remanded

DATE OF JUDGMENT ENTRY:          September 26, 2011

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

CRAIG M. JAQUITH
Office of the Ohio Public
Defender's Office
250 East Broad Street, Suite 1400
Columbus, Ohio  43215

*Edwards, J.*

{¶1}    Defendant-appellant, Armone Provens, appeals from the March 16, 2011, Judgment Entry of the Stark County Court of Common Pleas overruling his Motion to Vacate and Correct Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On March 17, 2006, the Stark County Grand Jury indicted appellant on one count of murder in violation of R.C. 2903.02(B), a felony of the first degree, one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. The charges of murder and felonious assault were accompanied by firearm specifications. At his arraignment on March 24, 2006, appellant entered a plea of not guilty to the charges.

{¶3}    Appellant's trial commenced on July 17, 2006. During a break in the trial, appellant pleaded guilty to the crime of having weapons while under disability. At the conclusion of the evidence and the end of deliberations, the jury, on July 20, 2006, found appellant guilty of the lesser included offense of reckless homicide. The jury found that appellant had a firearm on or about his person.  The trial court declared a mistrial on the charges of murder and felonious assault.

{¶4}    Pursuant to a Judgment Entry filed on July 25, 2006, appellant was sentenced to five years in prison for reckless homicide and five years in prison for having weapons while under disability, to be served consecutively. A three-year sentence was imposed for the gun specification.  Appellant was sentenced to an aggregate sentence of thirteen (13) years.  In addition, because appellant was on post-

release control in Stark Case No. 1998CR0124(B) at the time of the shooting, an additional three (3) years and fifty-four days was tacked on to his sentence. In all, appellant received a prison sentence of sixteen (16) years and fifty-four (54) days.

{¶5}    Appellant appealed his conviction and sentence. Pursuant to an Opinion filed on April 14, 2008 in State *v. Provens*, Stark App. No. 2007CA00034, this Court affirmed the judgment of the trial court.

{¶6}    Subsequently, appellant filed a Motion to Reopen his direct appeal pursuant to App. R. 26(B).  Such motion was denied as memorialized in an Opinion filed on August 4, 2008 in *State v. Provens*, Stark App. No. 2007-CA-00034, 2008-Ohio-3933.

{¶7}    Thereafter, on September 2, 2010, appellant filed a Motion to Vacate and Correct Sentence. Appellant in his motion, alleged that his sentencing entry in Stark Case No. 1998CR0124(B) was void because, in such case, he was improperly advised of post-release control. Appellant alleged that the trial court, in Case No. 1998CR0124(B), incorrectly stated that appellant would be subject to post-release control for "up to five years" when "R.C. 2967.28(B) mandated that [appellant's] sentence include a mandatory period of post-release control of five years." Appellant argued that because he could not be forced to serve time for violating the void term of post-release control in such case, the trial court in the case sub judice was required to vacate that portion of his sentence tacking on the three (3) years and fifty-four (54) days onto his sentence. Appellant, in his motion, also argued that the trial court's entry in Case No. 1998CR0124(B) failed to advise him that he faced the possibility of serving up

to one-half of his original prison term as a new prison sentence if he violated the terms of his release.

{¶8}  Appellee filed a response to such motion on March 7, 2011. As memorialized in a Judgment Entry filed on March 16, 2011, the trial court overruled appellant's motion.

{¶9}  Appellant now raises the following assignment on appeal:

{¶10}  "THE TRIAL COURT ERRED WHEN IT DENIED MR. PROVENS' MOTION TO VACATE AND CORRECT HIS SENTENCE."

I

{¶11}  Appellant, in his sole assignment of error, argues that the trial court erred when it denied his Motion to Vacate and Correct Sentence. We agree.

{¶12}  As is stated above, appellant in his motion, alleged that his sentencing entry in Stark Case No. 1998CR0124(B) was void because the trial court, in Case No. 1998CR0124(B), incorrectly stated that appellant would be subject to post-release control for "up to five years" when "R.C. 2967.28(B) mandated that [appellant's] sentence include a mandatory period of post-release control of five years." Appellant argued that because he could not be forced to serve time for violating the void term of post-release control in such case, the trial court, in the case sub judice, erred in tacking on three (3) years and fifty-four (54) days onto his sentence.  Appellant, in his motion, also argued that the trial court's entry in Case No. 1998CR0124(B) failed to advise him that he faced the possibility of serving up to one-half if his original prison term as a new prison sentence if he violated the terms of his release.

{¶13} R.C. 2929.14(F)(1) provides that if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment. R.C. 2929.19(B)(3) requires that the sentencing court notify the offender that the offender will be supervised under R.C. 2967.28 after the offender leaves prison. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Jordan,* 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864, paragraph one of the syllabus. The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary. *Id.* at paragraph two of the syllabus; *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006–Ohio–126, 844 N.E.2d 301, ¶ 18.

{¶14} In *State v. Jordan* the Court further held that "[w]hen a trial court fails to notify an offender about post-release control at the sentencing hearing, but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." *Id.* at paragraph two of the syllabus.

{¶15} "[T]he effect of vacating the sentence places the parties in the same position as they were had there been no sentence." *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, supra at paragraph 13, citing *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 227 N.E.2d 223. Thus, the offender is entitled to a de novo sentencing hearing. *Id.*

**{¶16}** A trial court retains jurisdiction to correct a void sentence and is authorized to do so when its error is apparent. *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at paragraph 23. Res Judicata does not act to bar a trial court from correcting the error. *State v. Simpkins,* 117 Ohio St.3d 402, 2008–Ohio–1197, 884 N.E.2d 568, citing *State v. Ramey,* Franklin App. No. 06AP–245, 2006–Ohio–6429, at paragraph 12.

**{¶17}** In *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, syllabus, the Supreme Court of Ohio limited the nature of the de novo hearing as follows: "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, syllabus, modified)." Thus, as stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing is limited to the proper imposition of postrelease control.

**{¶18}** In the case sub judice, appellant's sentencing entry in Case No. 1998CR0124(B) stated, in relevant part, as follows:

**{¶19}** "The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of five (5) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."

**{¶20}** Appellant argues his sentence in such case was void because he was not informed that the mandatory term was five years as opposed to "up to" five years. R.C.

2967.28(B)(1). We agree with appellant's argument. The trial court failed to satisfy "our existing precedent—that it notify the offender of the mandatory nature of the term of post-release control and the length of that mandatory term and incorporate that notification into its entry." *State v. Bloomer,* 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254, ¶ 69.  As such, appellant's sentence as it relates to the imposition of any post-release control in Case No. 1998CR0124(B) was void. See, *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961; *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. See also *State v. Green*, Stark App. No. 2010CA00198, 2011-Ohio-1636, and *State v. Henderson*, Ashland App. No. 10-COA-012, 2011-Ohio-1791.

{¶21} In short, we find that the trial court's entry In Stark County Case No. 1998CR0124(B)  did not properly advise appellant regarding post-release control. The sentence in such case was void as it relates to post-release control. The trial court, in the case sub judice, therefore, erred in imposing the three (3) years and fifty-four (54) remaining days of post-release control time as additional prison time on appellant.

{¶22} Because the trial court in the case sub judice, therefore, erred in overruling appellants Motion to Vacate and Correct Sentence, appellant's sole assignment of error is sustained.

{¶23} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for resentencing.

By: Edwards, J.

Hoffman, P.J. concurs

Delaney, J. dissents

_____

_____

_____

JUDGES

JAE/d0623

*Delaney, J., dissenting*


I respectfully dissent from the majority opinion and would affirm the judgment of the trial court based upon this Court's prior decision in *State v. Miller*, Stark App. No. 2010CA001175, 2010-Ohio 6001.



_____

JUDGE PATRICIA A. DELANEY

[Cite as *State v. Provens*, 2011-Ohio-5197.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee  :
                                       :
                                       :
-vs-                                   :  JUDGMENT ENTRY
                                       :
ARMONE PROVENS                         :
                                       :
    Defendant-Appellant :  CASE NO. 2010CA00089


  For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellee.


          _____


          _____


          _____

              JUDGES