THE STATE OF OHIO, APPELLANT, *v.* SINGLETON, APPELLEE.

[Cite as *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434.]

*For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio — For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191.*

(No. 2008-1255 — Submitted June 3, 2009 — Decided December 22, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 90042, 2008-Ohio-2351.

_____

**SYLLABUS OF THE COURT**

1.  For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio.

2.  For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191.

_____

**O'DONNELL, J.**

**{¶ 1}** The question we confront in this case is whether the de novo sentencing procedures detailed in decisions of this court or the remedial procedures set forth in R.C. 2929.191 (see Appendix for the text of R.C. 2929.191), which became effective July 11, 2006, should be used by trial courts

to properly sentence an offender when correcting a failure to properly impose postrelease control. The answer to this question is that in the absence of a statutory remedy, our caselaw provides a constitutional remedial procedure for trial courts to follow in correcting a court's failure to properly impose postrelease control prior to July 11, 2006; with the enactment of R.C. 2929.191, however, which became effective July 11, 2006, the legislature has promulgated a statutory remedy for trial courts to use to correct an error in imposing postrelease control. Accordingly, for sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. However, for criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191.

**{¶ 2}** In this case, the court sentenced Jason Singleton on December 21, 2000, prior to the effective date of R.C. 2929.191. Therefore, we affirm the judgment of the court of appeals, which remanded this case for a de novo sentencing in accordance with our prior decisions.

**Facts and Procedural History**

**{¶ 3}** On February 22, 2000, Detective Dave Loeding of the North Royalton Police Department filed complaints in the Cuyahoga County Juvenile Court alleging 16-year-old Jason Singleton to be a delinquent child. The juvenile court conducted an amenability hearing and transferred the case to the general division of the common pleas court, and subsequently a grand jury indicted Singleton for rape with a sexually violent predator specification, kidnapping with sexual motivation and sexually violent predator specifications, aggravated burglary, aggravated robbery, and felonious assault. As a result of plea bargaining, Singleton pleaded guilty to rape without a sexually violent offender specification and to felonious assault, and the state nolled the remaining counts.

**{¶ 4}** The court sentenced Singleton on December 21, 2000, to a term of imprisonment of ten years for rape consecutive with a term of seven years for felonious assault, and it notified Singleton of five years of postrelease control. However, at that sentencing hearing, the court failed to notify Singleton that for a violation of postrelease control, the parole board could impose a prison term as part of his sentence of up to one-half of the stated prison term originally imposed on him. And in its sentencing entry, the court referred only to the *possibility* of five years of postrelease control, and it did not specify that the parole board could impose an additional prison term of up to one-half of his prison sentence for a violation of postrelease control. See R.C. 2929.19(B)(3)(c) and (e).

**{¶ 5}** The General Assembly enacted Am.Sub.H.B. No. 137, Baldwin's Ohio Legislative Service Annotated (Vol. 4, 2006) L-1911, L-1934 ("H.B. 137"), effective July 11, 2006, which amended R.C. 2929.14, 2929.19, and 2967.28 and enacted R.C. 2929.191. Thus, the original sentencing hearing in Singleton's case occurred before the effective date of H.B. 137.

**{¶ 6}** On October 25, 2006, Singleton moved to vacate his guilty pleas, claiming that the court had failed to advise him of the mandatory period of postrelease control and the consequences of a postrelease control violation. The trial court denied the motion to vacate, and Singleton appealed. The court of appeals affirmed the denial of the motion to vacate the plea, but vacated Singleton's sentence because the judgment entry referred to "discretionary rather than mandatory postrelease control." *State v. Singleton*, Cuyahoga App. No. 90042, 2008-Ohio-2351, ¶ 48. The court of appeals remanded the cause for a de novo sentencing hearing in accordance with prior decisions of this court because it determined that R.C. 2929.191 did not specify whether a de novo or partial resentencing should be conducted. Id. at ¶ 46.

**{¶ 7}** We accepted the state's discretionary appeal and its sole proposition of law: prior to the expiration of a prison term, a trial court may

correct a sentence lacking a mandatory term of postrelease control pursuant to R.C. 2929.191. *State v. Singleton*, 120 Ohio St.3d 1415, 2008-Ohio-6166, 897 N.E.2d 651.

{¶ 8} The state advances two bases for its contention that the trial court does not need to conduct a de novo sentencing hearing to correct the failure to properly impose a mandatory term of postrelease control. First, it argues that the procedures set forth in R.C. 2929.191 have supplanted our caselaw and permit the trial court to conduct a limited resentencing hearing to simply add the missing postrelease-control language. Second, citing our holdings in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and *State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, the state asserts that appellate courts must review sentences on a sanction-by-sanction basis and may vacate erroneously imposed sanctions without vacating other sanctions that the trial court validly imposed. Thus, the state contends that we should remand the cause for a hearing pursuant to R.C. 2929.191 to add the necessary postrelease-control language to Singleton's sentence without conducting a de novo sentencing hearing.

{¶ 9} Singleton, on the other hand, argues that R.C. 2929.191 does not affect our decisions requiring a de novo sentencing hearing to correct the failure to properly impose mandatory postrelease control. Maintaining that his original sentence is void, Singleton contends that a court may not merely add a term of postrelease control to remedy its failure to provide the statutorily mandated notices of postrelease control at the original sentencing hearing or to impose postrelease control in the original sentencing entry. Further, according to Singleton, permitting the trial court to conduct a resentencing hearing limited solely to imposing postrelease control would violate double-jeopardy and due-process protections.

{¶ 10} Accordingly, we are asked to address whether a trial court should apply the procedure set forth in R.C. 2929.191 to add postrelease control to a criminal sentence entered prior to July 11, 2006, or whether it should adhere to the procedure authorized in decisions of this court requiring the trial court to conduct a de novo sentencing hearing.

## Law and Analysis

### *Postrelease Control*

{¶ 11} R.C. 2967.28(B) (see Appendix for July 11, 2006 version of R.C. 2967.28) requires a sentencing court imposing a prison term on a first- or second-degree-felony offender or certain other offenders to include in the sentence a term of mandatory postrelease control to be imposed by the parole board on the offender's release from prison. In addition, R.C. 2929.19 mandates that a court, when imposing sentence, notify the offender at the hearing that he will be supervised pursuant to R.C. 2967.28 and that the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender if he violates supervision or a condition of postrelease control. R.C. 2929.19(B)(3)(c) and (e). And the imposed postrelease-control sanctions are to be included in the judgment entry journalized by the court.

### *Sentences Lacking Postrelease Control*

{¶ 12} This court has addressed the consequences of a trial court's failure to adhere to the mandatory requirements of sentencing statutes on several occasions. In *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, we considered whether the court's failure to impose a mandated sentence and its subsequent correction of that sentence violated the defendant's constitutional guarantee against double jeopardy. Id. at 75, 14 OBR 511, 471 N.E.2d 774. We recognized that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id. Because jeopardy does not attach to a void sentence, we held that the court's

subsequent correction of the void sentence did not violate principles of double jeopardy. Id.

{¶ 13} In *Woods v. Telb* (2000)*,* 89 Ohio St.3d 504, 733 N.E.2d 1103, we addressed the constitutional significance of a trial court's including postrelease control in its sentence and stated that because the separation-of-powers doctrine precludes the executive branch of government from impeding the judiciary's imposition of a sentence, the Adult Parole Authority may impose postrelease-control sanctions only if a trial court incorporates postrelease control into its original sentence. Id. at 512-513, 733 N.E.2d 1103.

{¶ 14} In *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, this court considered the consequences of a trial court's failure to advise an offender about postrelease control at the sentencing hearing.  Id. at ¶ 1. Applying *Beasley,* we held that "[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law" and void, and the cause must be remanded for resentencing.  Id. at ¶ 23, 27.

{¶ 15} We again confronted a sentencing court's failure to notify or incorporate postrelease control into its sentencing entry in *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; however, in that case, discovery of the sentencing error did not occur until after the offender had been released from prison, placed on postrelease control by the parole board, and reimprisoned for violating the terms of postrelease control.  Id. at ¶ 4-7.  There, we granted a writ of habeas corpus in conformity with our decisions in *Jordan* and *Woods*, holding that the parole board lacked authority to impose postrelease control because the trial court had failed to notify the offender of postrelease control or to incorporate it into the sentencing entry and because Hernandez had completed serving that sentence when the error was discovered.  Id. at ¶ 32.

**{¶ 16}** After *Hernandez,* we denied a petition seeking a writ of prohibition to vacate a resentencing entry imposing a mandatory period of postrelease control. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 1. Unlike in *Hernandez,* the court discovered the sentencing error in *Cruzado* before the inmate had completed serving the sentence, and the court conducted a resentencing hearing and imposed a mandatory three-year period of postrelease control. Id. at ¶ 9-11. Citing *Beasley* and *Jordan,* and distinguishing *Hernandez* on the basis that Cruzado had not yet completed his sentence, we held that the trial court did not patently and unambiguously lack jurisdiction to correct the sentence. Id. at ¶ 19-28, 32.

**{¶ 17}** In *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, we concluded that an offender is entitled to a de novo sentencing hearing for the trial court to correct a sentence that omitted notice of postrelease control. While the enactment of H.B. 137 preceded our decision in *Bezak*, the parties did not raise, and we did not address, the potential application of R.C. 2929.191. Importantly, because Bezak had already completed his term of imprisonment, the trial court could not, consistent with our decision in *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32, conduct a resentencing.

**{¶ 18}** In *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, we stated: "[I]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." Id. at ¶ 6. Further, we recognized that conducting a new sentencing hearing would not offend double jeopardy or due process, because an offender could not have a legitimate expectation of finality in a void sentence. Id. at ¶ 36-37.

**{¶ 19}** In *State v. Boswell*,  121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, we held that "[a] motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32.1." Id. at syllabus.  Because the trial court failed to include postrelease control as mandated by statute, we vacated Boswell's void sentence, remanded the case for the court to consider his motion to withdraw his plea under the proper standard, and ordered resentencing if the court ultimately denied his motion to withdraw his guilty plea.  Id. at ¶ 13.

**{¶ 20}** Most recently, in *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, we addressed constitutional challenges to R.C. 2929.191 raised by three separate offenders in separate cases.  There, (1) we determined that offenders who had been sentenced and received de novo sentencing hearings before July 11, 2006, the effective date of R.C. 2929.191, lacked standing to challenge the constitutionality of the statute, ¶ 31, (2) we rejected separation-of-powers and one-subject-rule challenges to R.C. 2929.191, ¶ 45 and ¶ 56, and (3) we held that when a court fails to impose postrelease control before an offender completes the stated term of imprisonment, under either our caselaw or R.C. 2929.191, the offender must be discharged, ¶ 69-71.

### *H.B. 137*

**{¶ 21}** R.C. 2929.191, enacted as part of H.B. 137, purports to apply retrospectively to offenders sentenced prior to the effective date of the statute. We recognize that all statutes enjoy a strong presumption of constitutionality. *Woods v. Telb*, 89 Ohio St.3d 504, 510-511, 733 N.E.2d 1103 (a statute will be found unconstitutional only if the statute's challenger succeeds in proving beyond a reasonable doubt that the legislation is not compatible with constitutional provisions).  R.C. 1.47 provides that "[i]n enacting a statute, it is presumed that * * * [c]ompliance with the constitutions of the state and of the United States is intended."  Furthermore, the General Assembly is vested with broad authority

pursuant to its police powers to enact laws defining criminal conduct and prescribing its punishment, and such statutes will not lightly be held invalid. *State v. Thompkins* (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926.

{¶ 22} In 1996, the General Assembly imposed a duty on trial courts to notify an offender at the sentencing hearing of the imposition of postrelease control and of the authority of the parole board to impose a prison term for a violation; the General Assembly also required that a court include any postrelease-control sanctions in its sentencing entry. See former R.C. 2929.14(F) and former R.C. 2929.19(B)(3)(b) through (d) and (B)(4), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7470, 7486-7487. However, prior to the enactment of R.C. 2929.191 in July 2006, no statutory mechanism existed to correct a sentence that failed to comport with these statutory requirements. We determined such sentencing judgments to be contrary to law, thereby rendering them subject to de novo sentencing. See generally *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263; *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

{¶ 23} But with R.C. 2929.191, the General Assembly has now provided a statutory remedy to correct a failure to properly impose postrelease control. Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For those offenders, R.C. 2929.191 provides that trial courts may, after conducting a

hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control.

{¶ 24} R.C. 2929.191(C) prescribes the type of hearing that must occur to make such a correction to a judgment entry "[o]n and after the effective date of this section." The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of postrelease control. R.C. 2929.191 does not address the remainder of an offender's sentence. Thus, the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose postrelease control at the original sentencing.

*Retrospective Application of R.C. 2929.191*

{¶ 25} Before the enactment of R.C. 2929.191, no statutory remedy existed for the correction of a sentence that failed to properly impose postrelease control. In the absence of a statutory remedy, we recognized that a sentence that failed to properly impose a statutorily mandated period of postrelease control was contrary to law when imposed. See *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23; *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 13. When a sentence is a nullity, it is as though it never occurred. Id., citing *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 39 O.O.2d 414, 227 N.E.2d 223. Accordingly, we directed trial courts to conduct a de novo sentencing.

{¶ 26} R.C. 2929.191 purports to authorize application of the remedial procedure set forth therein to add postrelease control to sentences imposed before

its effective date. We recognize the General Assembly's authority to alter our caselaw's characterization of a sentence lacking postrelease control as a nullity and to provide a mechanism to correct the procedural defect by adding postrelease control at any time before the defendant is released from prison. However, for sentences imposed prior to the effective date of the statute, there is no existing judgment for a sentencing court to correct. H.B. 137 cannot retrospectively alter the character of sentencing entries issued prior to its effective date that were nullities at their inception, in order to render them valid judgments subject to correction. Therefore, for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, the de novo sentencing procedure detailed in decisions of the Supreme Court of Ohio should be followed to properly sentence an offender.

*Prospective Application of R.C. 2929.191*

{¶ 27} Although our caselaw has previously characterized a sentence lacking postrelease control as a nullity, H.B. 137 demonstrates a legislative intent to apply the sentence-correction mechanism of R.C. 2929.191 to sentences imposed after the act's effective date. Specifically, in Section 5(B) of H.B. 137 at L-1971, the General Assembly declared that the "amendments made to sections 2929.14, 2929.19, and 2967.28 and the enactment of section 2929.191 of the Revised Code * * * *apply to all convicted offenders described in division (A) of this Section, regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act.*" (Emphasis added.) And in Section 7 of H.B. 137, L-1971 to L-1972, the General Assembly also declared the act to be "an emergency measure necessary for the immediate preservation of the public peace, health, and safety" and provided for it to go into immediate effect. Section 7 further states that "the amendments made in this act are crucially needed to clarify the law to protect the residents of this state from the consequences that might result if the state is forced to release without supervision offenders who have been

11

convicted of serious offenses and imprisoned, solely because the offenders were not provided notice of the fact that the law always requires their supervision upon release from prison." Id.

{¶ 28} Additionally, R.C. 2929.191(C) provides that "[o]n and after the effective date of this section," a trial court "that wishes to" may "prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) and (B)(1) of this section" after a hearing in accordance with division (C). This provision can be interpreted two ways.

{¶ 29} If the "type" of judgment mentioned in R.C. 2929.191(C) is viewed generally as applicable to any situation in which postrelease control has not been properly imposed, including situations in which the initial sentencing occurred after the effective date of R.C. 2929.191, then the statute has prospective application.

{¶ 30} On the other hand, if the "type" of judgment referred to in R.C. 2929.191(C) is viewed as also incorporating the phrases within R.C. 2929.191(A)(1) and (B)(1) providing that the statute applies to sentences imposed "prior to the effective date of this section," then the statute could be viewed as a gap-filler that was intended to apply only to those situations in which the initial sentencing occurred prior to the effective date of R.C. 2929.191 and the corrective sentencing occurs after the statute's effective date.

{¶ 31} But this latter reading would fall short of meeting the stated legislative intent of correcting the problem of sentencing courts that fail to properly impose statutorily mandated terms of postrelease control because, as we have already stated, the statute cannot apply retrospectively. Thus, the better view, given this express legislative purpose, is the former. See Section 5(B) of H.B. 137 (declaring that the amended statutes and newly enacted R.C. 2929.191 "apply to all convicted offenders described in division (A) of this Section,

regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act").

{¶ 32} Interpreting R.C. 2929.191(C) to apply the corrective mechanism provided in R.C. 2929.191 prospectively gives the statute effect and furthers the General Assembly's stated intent in passing H.B. 137. It also preserves the constitutionality of H.B. 137 against a separation-of-powers challenge by requiring the trial court to conduct a hearing to add postrelease control to the offender's existing sentence. See *Woods v. Telb*, 89 Ohio St.3d 504, 512, 733 N.E.2d 1103 (upholding Adult Parole Authority's discretionary ability to impose postrelease-control sanctions when such sanctions are part of the original judicially imposed sentence). Thus, prospective application of the corrective procedure set forth in R.C. 2929.191 preserves both the judicial role of imposing punishment and the executive role of carrying out that punishment. *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 71.

{¶ 33} Moreover, prospective application of R.C. 2929.191 does not implicate double-jeopardy concerns arising from the imposition of multiple punishments for the same offense at successive proceedings. On or after the effective date of R.C. 2929.191, an offender can have no legitimate expectation of finality in a sentence rendered defective by the trial court's failure to properly impose a mandatory term of postrelease control, because an offender is charged with knowledge of the fact that his sentence is legally incomplete and that R.C. 2929.191 provides a statutory mechanism to correct it. See *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 36, citing *Jones v. Thomas* (1989), 491 U.S. 376, 395, 109 S.Ct. 2522, 105 L.Ed.2d 322 (in which Justice Scalia, in dissent, explained that a defendant cannot argue that his legitimate expectation of finality has been violated when he is charged with knowledge that the court lacked statutory authority to impose the sentence in the first instance); see also *United States v. Husein* (C.A.6, 2007), 478 F.3d 318, 338, quoting *United*

*States v. Fogel* (C.A.D.C., 1987), 829 F.2d 77, 87 (" 'A defendant has a legitimate expectation in the finality of a sentence *unless he is or should be aware at sentencing that the sentence may permissibly be increased*' " [emphasis added in *Husein*]).

{¶ 34} In short, the General Assembly's intention in H.B. 137 to require statutorily provided postrelease control to be included in every sentence to which it applies is manifest. R.C. 2929.191 provides a correction mechanism to effectuate that intention. Thus, effective July 11, 2006, the legislature has, for the first time, afforded a mechanism for trial courts to use in correcting sentences that lack proper imposition of postrelease control, and that mechanism has prospective application only.

## Conclusion

{¶ 35} Based upon the foregoing, the de novo sentencing procedure detailed in the decisions of the Ohio Supreme Court is the appropriate method to correct a criminal sentence imposed prior to July 11, 2006, that lacks proper notification and imposition of postrelease control. However, because R.C. 2929.191 applies prospectively to sentences entered on or after July 11, 2006, that lack proper imposition of postrelease control, a trial court may correct those sentences in accordance with the procedures set forth in that statute.

{¶ 36} Here, the state does not dispute that the trial court failed to properly impose postrelease control at Singleton's original sentencing hearing, which occurred prior to July 11, 2006. For the reasons stated above, R.C. 2929.191 does not apply to Singleton's sentence. Therefore, this court's caselaw describes the procedure to be followed to correct this sentence. Accordingly, because the appellate court properly remanded the case for a de novo sentencing

hearing pursuant to decisions of this court, the judgment of the court of appeals is affirmed.[1]

Judgment affirmed.

CUPP, J., concurs.

MOYER, C.J., and PFEIFER and O'CONNOR, JJ., concur in the judgment, paragraph one of the syllabus, and the portion of the opinion addressing the retrospective application of R.C. 2929.191 but dissent as to paragraph two of the syllabus and the portion of the opinion addressing the prospective application of R.C. 2929.191.

LUNDBERG STRATTON and LANZINGER, JJ., concur in paragraph two of the syllabus but dissent from the judgment and paragraph one of the syllabus and would instead reverse the judgment of the court of appeals and hold that R.C. 2929.191 also applies retrospectively.

_____

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 37} I concur in the judgment of the majority and in the first syllabus paragraph regarding the retroactive application of R.C. 2929.191. I dissent from the second syllabus paragraph and the portion of the opinion regarding the prospective application of R.C. 2929.191, for three reasons.

{¶ 38} First, the issue of the prospective application of R.C. 2929.191 is not before us. Jason Singleton is the only defendant in this case. His sentencing hearing occurred on December 21, 2000, long before the enactment of R.C. 2929.191. Thus, the majority opinion's second syllabus paragraph and its related discussion of R.C. 2929.191's effect on sentences imposed after the statute's

_____

1. This opinion should not be interpreted to require further judicial action in cases in which, prior to the release of this opinion, a trial court has conducted a de novo sentencing hearing in conformity with the caselaw of this court to remedy a sentence lacking postrelease control entered on or after July 11, 2006.

effective date are entirely dicta. That portion of the opinion runs contrary to "our well-settled precedent that we will not indulge in advisory opinions." *State ex rel. Keyes v. Ohio Pub. Emps. Retirement Sys.*, 123 Ohio St.3d 29, 2009-Ohio-4052, 913 N.E.2d 972, ¶ 29. Not only is the portion of the majority decision regarding the prospective application of R.C. 2929.191 advisory, no party sought this court's advice on that issue. The majority answers a question that is of no relevance to the instant case and places that answer in the syllabus.

{¶ 39} Second, by its own terms, R.C. 2929.191 limits its application to sentences imposed *prior* to the statute's effective date. R.C. 2929.191 provides:

{¶ 40} "(A)(1) If, *prior to the effective date of this section*, a court *imposed* a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison * * * the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

{¶ 41} "If, *prior to the effective date of this section*, a court *imposed* a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison * * * the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

{¶ 42} "* * *

{¶ 43} "(B)(1) If, *prior to the effective date of this section*, a court *imposed* a sentence including a prison term and failed to notify the offender

16

pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control * * *, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender's release from prison, * * *, and if the offender violates that supervision * * * the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender." (Emphasis added.)

{¶ 44} R.C. 2929.191(C) makes clear that the statute apples only to "a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section" — that is, sentences imposed *prior* to the effective date of the statute.

{¶ 45} The General Assembly passed an unambiguous statute. It is inappropriate for the majority to employ uncodified statements of legislative intent to change the meaning of R.C. 2929.191. When a statute is unambiguous, a court construing the statute need look only to the language contained in the statute:

{¶ 46} " 'The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it.' *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph one of the syllabus. This court may engage in statutory interpretation when the statute under review is ambiguous. Id.

{¶ 47} " 'But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and

hence no room is left for construction.' Id. at paragraph two of the syllabus." *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11-12.

{¶ 48} No statements of legislative intent are necessary to interpret R.C. 2929.191. It is crystal clear by its own terms. The majority attempts to breathe life into R.C. 2929.191 by claiming that since it has no legal effect for sentences imposed prior to its enactment, it must certainly apply prospectively. But R.C. 2929.191 was enacted to fix sentencing mistakes of the past – mistakes that gained practical relevance only after this court's decisions in *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, and *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, which established the consequences of a trial court's failure to appropriately set forth postrelease-control sanctions in sentencing a defendant.

{¶ 49} Amendments made to other statutes amended by Am.Sub.H.B. No. 137, Baldwin's Ohio Legislative Service Annotated (Vol. 4, 2006) L-1911 ("H.B. 137"), make it clear that R.C. 2929.191 was intended to address past mistakes. The intent of H.B. 137 was to make prospective postrelease-control sentencing errors basically irrelevant. For example, R.C. 2929.14(F)(1) was amended by H.B. 137 to include this language:

{¶ 50} "If a court imposes a sentence including a prison term of a type described in this division on or after the effective date of this amendment, the failure of a court to include a post-release control requirement in the sentence pursuant to this division does not negate, limit, or otherwise affect the mandatory period of post-release control that is required for the offender under division (B) of section 2967.28 of the Revised Code."

{¶ 51} The amendment to R.C. 2929.14(F)(1) then adds that R.C. 2929.191 applies to sentences imposed prior to the effective date of the act:

{¶ 52} "Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison

term of a type described in this division and failed to include in the sentence pursuant to this division a statement regarding post-release control." H.B. 137, L-1929.

{¶ 53} H.B. 137 similarly amended R.C. 2929.19(B) and 2967.28(B). All of these amendments attempt to make prospective mistakes nonproblematic and employ R.C. 2929.191 to address past errors. For the General Assembly, the prospective application of R.C. 2929.191 was never a consideration.

{¶ 54} The third reason for my dissent is simple: void is void. There is nothing to add to a nullity.

MOYER, C.J., and O'CONNOR, J., concur in the foregoing opinion.

_____

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 55} I concur in the majority opinion solely to the extent that it holds R.C. 2929.191 to be applicable to sentences imposed after July 11, 2006. Otherwise, I dissent from the judgment and would reverse the judgment of the court of appeals on grounds that the statute also applies retroactively.

## I. The Problem of Void Sentences

{¶ 56} The majority holds that a series of decisions, in which sentences with postrelease control errors are declared to be void, still specifies the procedure for correcting the error for sentences imposed before July 11, 2006. I have repeatedly asserted my position that these sentences should not be deemed void, meaning that a court has acted without jurisdiction, but rather should be treated as voidable, meaning correctable on appeal. See, e.g., *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 17-18 (Lanzinger, J., dissenting).

{¶ 57} The majority holds that R.C. 2929.191 cannot be applied retroactively, because the original sentencing entry omitting postrelease control is a void judgment and thus is a nullity incapable of being corrected. The recent decisions of this court illustrate the inconsistencies that arise from characterizing

19

as void those sentences based on sentencing entries with incomplete notification of postrelease control. A sentence cannot be void initially and then later become valid after it is served. If a sentence is void, meaning that it is one "that a court imposes despite lacking subject-matter jurisdiction or the authority to act," *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27, then it is invalid, both during the period of incarceration specified in the void sentence and after the void sentence is completed. It is absurd to call a sentence void from its inception, but only until the time that it has been fully served, when it metamorphizes from a void sentence into a valid sentence.

{¶ 58} If sentences lacking postrelease-control notification are truly void, then the sentences are a nullity, and no valid sentence is being served. Calling these sentences void, however, belies the understanding of those incarcerated, who undoubtedly view their sentences as final. Regardless of whether the sentence contains a mistake, everyone who leaves the courtroom after a sentencing hearing under R.C. 2929.19 has an expectation and understanding that a *final* decision has been made, one that can be appealed (by either party) within 30 days and corrected, if necessary, by the court of appeals.

{¶ 59} The majority continues to apply flawed precedent to sentences imposed before the effective date of R.C. 2929.191 in spite of the General Assembly's intent. Section 5(B) of H.B. 137 plainly states that the new enactment, which abrogates those decisions and provides a method of correction for all sentences, is intended to "apply to all convicted offenders * * * regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act."

## II. Retroactive Application of R.C. 2929.191 Does Not
## Implicate Double Jeopardy

{¶ 60} All statutes are presumed to be constitutional, and a statute will not be invalidated unless the challenger establishes that it is unconstitutional beyond a

reasonable doubt. *State v. Thompkins* (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926. Although Singleton argues that retroactive application of R.C. 2929.191 would violate the Double Jeopardy Clause of the Fifth Amendment, the new statutory correction process neither imposes additional punishment nor disturbs an offender's legitimate expectation of finality in the original judgment entry. Postrelease control, a substitute for probation, is a sanction that *must* be imposed when a defendant is sentenced for certain offenses. The court has no discretion over whether to impose a sentence containing a mandatory monitoring period. With R.C. 2929.191, the General Assembly has created a procedure for a court to use when it has mistakenly failed to clarify that mandatory postrelease control is part of the sentence.

{¶ 61} It is important to distinguish between mandatory and discretionary portions of sentences. When postrelease control is mandatory, it must be included in the sentence. The General Assembly has now adopted the position that sentences that lack mandatory postrelease control are not void, because this mistake results from a court's error in exercising jurisdiction, rather than from a lack of its authority to sentence. These sentences thus are correctable on appeal. And R.C. 2929.191 now provides an additional means by which sentences lacking mandatory postrelease control can be corrected—not by imposing a new sentence or by subjecting the convicted offender to additional discretionary punishment, but by fixing what amounts to a clerical error that omitted a mandatory portion of the sentence.

{¶ 62} Any concerns with finality are misplaced. Because of the mandatory nature of postrelease control for specified offenses, both defendants and prosecutors were given clear notice before the effective date of R.C. 2929.191 that a specified period of postrelease control *would* be included in the offender's sentence. When a court follows the procedure outlined in R.C. 2929.191, it does not use its discretion to add extra punishment to the existing sentence. Instead, it

corrects the sentence to include proper notation of the period of postrelease control according to its mandatory duty that has been imposed by statute.

{¶ 63} When an offender is sentenced for an offense that also requires mandatory postrelease control, the General Assembly intended that the parole board would automatically monitor the offender for a specific period of time after the offender's release from prison. Allowing a trial judge to correct the sentence without first vacating it is in keeping with the purpose of postrelease control sanctions, which we have stated are " 'sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime.' " *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, at ¶ 16, quoting *Woods v. Telb* (2000), 89 Ohio St.3d 504, 512, 733 N.E.2d 1103. This correction of the sentence to conform to the statute as written does not raise double jeopardy concerns. I would thus hold that retroactive application of R.C. 2929.191 does not violate double jeopardy.

### III. Conclusion

{¶ 64} For sentences occurring before July 11, 2006, the majority continues to use the term "void" to apply to sentences more properly termed "voidable." This leaves every criminal sentence open to the possibility of being deemed to be "void," thus subjecting the offender to undergoing sentencing as if for the first time, at least until the offender is released from prison. Of course, once the prison term has been completed, the sentence served magically becomes "not void." Under this reasoning, each sentence in Ohio has the potential to be considered a nullity or "not final" at any time until it has been completely served. I cannot subscribe to this reasoning.

{¶ 65} In enacting R.C. 2929.191, the General Assembly sought to supersede this court's decisions requiring full resentencing and instead to provide a simple means by which trial courts might correct judgments that lacked a mandatory term of postrelease control. The legislature's intention is also evident

in its amendments to R.C. 2929.19(B)(3)(c), which now provides, "If a court imposes a sentence including a prison term of a type described in division (B)(3)(c) of this section * * *, the failure of a court to notify the offender pursuant to division (B)(3)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code." I believe that the amendments to R.C. 2929.19 and the enactment of R.C. 2929.191 represent an attempt to return logic and order to this area of the law and that R.C. 2929.191 should be applied both retroactively and prospectively.

{¶ 66} For these reasons, I concur in the majority's holding that the procedures of R.C. 2929.191 must be used to correct error in the imposition of postrelease control for sentences occurring on and after the effective date of the statute, but I dissent from the majority's holding that the statute does not apply retroactively.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

**Appendix**

*R.C. 2929.191*

{¶ 67} (A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a

hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

{¶ 68} If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

{¶ 69} (2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of

24

original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code or that the offender may be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(d) of that section.

{¶ 70} (B)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control or to include in the judgment of conviction entered on the journal a statement to that effect, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of section 2929.19 of the Revised Code, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.

{¶ 71} (2) If the court prepares and issues a correction to a judgment of conviction as described in division (B)(1) of this section before the offender is released from imprisonment under the term, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the

department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the judgment of conviction entered on the journal and had notified the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.

{¶ 72} (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

*R.C. 2967.28*

{¶ 73} (A) As used in this section:

**{¶ 74}** (1) "Monitored time" means the monitored time sanction specified in section 2929.17 of the Revised Code.

**{¶ 75}** (2) "Deadly weapon" and "dangerous ordnance" have the same meanings as in section 2923.11 of the Revised Code.

**{¶ 76}** (3) "Felony sex offense" means a violation of a section contained in Chapter 2907. of the Revised Code that is a felony.

**{¶ 77}** (B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after the effective date of this amendment, the failure of a sentencing court to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-

release control required by this division for an offender shall be of one of the following periods:

**{¶ 78}** (1) For a felony of the first degree or for a felony sex offense, five years;

**{¶ 79}** (2) For a felony of the second degree that is not a felony sex offense, three years;

**{¶ 80}** (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.

**{¶ 81}** (C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(d) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14 of the Revised Code a statement regarding post-release control.

**{¶ 82}** (D)(1) Before the prisoner is released from imprisonment, the parole board shall impose upon a prisoner described in division (B) of this section, may impose upon a prisoner described in division (C) of this section, and shall impose upon a prisoner described in division (B)(2)(b) of section 5120.031 or in division (B)(1) of section 5120.032 of the Revised Code, one or more post-release control sanctions to apply during the prisoner's period of post-release

control. Whenever the board imposes one or more post-release control sanctions upon a prisoner, the board, in addition to imposing the sanctions, also shall include as a condition of the post-release control that the individual or felon not leave the state without permission of the court or the individual's or felon's parole or probation officer and that the individual or felon abide by the law. The board may impose any other conditions of release under a post-release control sanction that the board considers appropriate, and the conditions of release may include any community residential sanction, community nonresidential sanction, or financial sanction that the sentencing court was authorized to impose pursuant to sections 2929.16, 2929.17, and 2929.18 of the Revised Code. Prior to the release of a prisoner for whom it will impose one or more post-release control sanctions under this division, the parole board shall review the prisoner's criminal history, all juvenile court adjudications finding the prisoner, while a juvenile, to be a delinquent child, and the record of the prisoner's conduct while imprisoned. The parole board shall consider any recommendation regarding post-release control sanctions for the prisoner made by the office of victims' services. After considering those materials, the board shall determine, for a prisoner described in division (B) of this section, division (B)(2)(b) of section 5120.031, or division (B)(1) of section 5120.032 of the Revised Code, which post-release control sanction or combination of post-release control sanctions is reasonable under the circumstances or, for a prisoner described in division (C) of this section, whether a post-release control sanction is necessary and, if so, which post-release control sanction or combination of post-release control sanctions is reasonable under the circumstances. In the case of a prisoner convicted of a felony of the fourth or fifth degree other than a felony sex offense, the board shall presume that monitored time is the appropriate post-release control sanction unless the board determines that a more restrictive sanction is warranted. A post-release control sanction

imposed under this division takes effect upon the prisoner's release from imprisonment.

{¶ 83} Regardless of whether the prisoner was sentenced to the prison term prior to, on, or after the effective date of this amendment, prior to the release of a prisoner for whom it will impose one or more post-release control sanctions under this division, the parole board shall notify the prisoner that, if the prisoner violates any sanction so imposed or any condition of post-release control described in division (B) of section 2967.131 of the Revised Code that is imposed on the prisoner, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the prisoner.

{¶ 84} (2) At any time after a prisoner is released from imprisonment and during the period of post-release control applicable to the releasee, the adult parole authority may review the releasee's behavior under the post-release control sanctions imposed upon the releasee under this section. The authority may determine, based upon the review and in accordance with the standards established under division (E) of this section, that a more restrictive or a less restrictive sanction is appropriate and may impose a different sanction. Unless the period of post-release control was imposed for an offense described in division (B)(1) of this section, the authority also may recommend that the parole board reduce the duration of the period of post-release control imposed by the court. If the authority recommends that the board reduce the duration of control for an offense described in division (B)(2), (B)(3), or (C) of this section, the board shall review the releasee's behavior and may reduce the duration of the period of control imposed by the court. In no case shall the board reduce the duration of the period of control imposed by the court for an offense described in division (B)(1) of this section, and in no case shall the board permit the releasee to leave the state without permission of the court or the releasee's parole or probation officer.

**{¶ 85}** (E) The department of rehabilitation and correction, in accordance with Chapter 119. of the Revised Code, shall adopt rules that do all of the following:

**{¶ 86}** (1) Establish standards for the imposition by the parole board of post-release control sanctions under this section that are consistent with the overriding purposes and sentencing principles set forth in section 2929.11 of the Revised Code and that are appropriate to the needs of releasees;

**{¶ 87}** (2) Establish standards by which the parole board can determine which prisoners described in division (C) of this section should be placed under a period of post-release control;

**{¶ 88}** (3) Establish standards to be used by the parole board in reducing the duration of the period of post-release control imposed by the court when authorized under division (D) of this section, in imposing a more restrictive post-release control sanction than monitored time upon a prisoner convicted of a felony of the fourth or fifth degree other than a felony sex offense, or in imposing a less restrictive control sanction upon a releasee based on the releasee's activities including, but not limited to, remaining free from criminal activity and from the abuse of alcohol or other drugs, successfully participating in approved rehabilitation programs, maintaining employment, and paying restitution to the victim or meeting the terms of other financial sanctions;

**{¶ 89}** (4) Establish standards to be used by the adult parole authority in modifying a releasee's post-release control sanctions pursuant to division (D)(2) of this section;

**{¶ 90}** (5) Establish standards to be used by the adult parole authority or parole board in imposing further sanctions under division (F) of this section on releasees who violate post-release control sanctions, including standards that do the following:

**{¶ 91}** (a) Classify violations according to the degree of seriousness;

{¶ 92} (b) Define the circumstances under which formal action by the parole board is warranted;

{¶ 93} (c) Govern the use of evidence at violation hearings;

{¶ 94} (d) Ensure procedural due process to an alleged violator;

{¶ 95} (e) Prescribe nonresidential community control sanctions for most misdemeanor and technical violations;

{¶ 96} (f) Provide procedures for the return of a releasee to imprisonment for violations of post-release control.

{¶ 97} (F)(1) Whenever the parole board imposes one or more post-release control sanctions upon an offender under this section, the offender upon release from imprisonment shall be under the general jurisdiction of the adult parole authority and generally shall be supervised by the field services section through its staff of parole and field officers as described in section 5149.04 of the Revised Code, as if the offender had been placed on parole. If the offender upon release from imprisonment violates the post-release control sanction or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed on the offender, the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation directly to the adult parole authority or to the officer of the authority who supervises the offender. The authority's officers may treat the offender as if the offender were on parole and in violation of the parole, and otherwise shall comply with this section.

{¶ 98} (2) If the adult parole authority determines that a releasee has violated a post-release control sanction or any conditions described in division (A) of section 2967.131 of the Revised Code imposed upon the releasee and that a more restrictive sanction is appropriate, the authority may impose a more restrictive sanction upon the releasee, in accordance with the standards established under division (E) of this section, or may report the violation to the

parole board for a hearing pursuant to division (F)(3) of this section. The authority may not, pursuant to this division, increase the duration of the releasee's post-release control or impose as a post-release control sanction a residential sanction that includes a prison term, but the authority may impose on the releasee any other residential sanction, nonresidential sanction, or financial sanction that the sentencing court was authorized to impose pursuant to sections 2929.16, 2929.17, and 2929.18 of the Revised Code.

**{¶ 99}** (3) The parole board may hold a hearing on any alleged violation by a releasee of a post-release control sanction or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the releasee. If after the hearing the board finds that the releasee violated the sanction or condition, the board may increase the duration of the releasee's post-release control up to the maximum duration authorized by division (B) or (C) of this section or impose a more restrictive post-release control sanction. When appropriate, the board may impose as a post-release control sanction a residential sanction that includes a prison term. The board shall consider a prison term as a post-release control sanction imposed for a violation of post-release control when the violation involves a deadly weapon or dangerous ordnance, physical harm or attempted serious physical harm to a person, or sexual misconduct, or when the releasee committed repeated violations of post-release control sanctions. The period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence. The period of a prison term that is imposed as a post-release control sanction under this division shall not count as, or be credited toward, the remaining period of post-release control.

**{¶ 100}** If an offender is imprisoned for a felony committed while under post-release control supervision and is again released on post-release control for a period of time determined by division (F)(4)(d) of this section, the maximum cumulative prison term for all violations under this division shall not exceed one-half of the total stated prison terms of the earlier felony, reduced by any prison term administratively imposed by the parole board, plus one-half of the total stated prison term of the new felony.

**{¶ 101}** (4) Any period of post-release control shall commence upon an offender's actual release from prison. If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term, the offender shall serve the period of post-release control in the following manner:

**{¶ 102}** (a) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence or an indefinite sentence, and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole. The offender shall receive credit for post-release control supervision during the period of parole. The offender is not eligible for final release under section 2967.16 of the Revised Code until the post-release control period otherwise would have ended.

**{¶ 103}** (b) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under an indefinite sentence, and if the period of parole ends prior to the period of post-release control, the offender shall be supervised on post-release control. The requirements of parole supervision shall be satisfied during the post-release control period.

**{¶ 104}** (c) If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole

board. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.

{¶ 105} (d) The period of post-release control for a releasee who commits a felony while under post-release control for an earlier felony shall be the longer of the period of post-release control specified for the new felony under division (B) or (C) of this section or the time remaining under the period of post-release control imposed for the earlier felony as determined by the parole board.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.

_____